CATHARINE L. WING, Appellant, *v.* IRENE G. SCHRAMM, Respondent.

Under the provision of the act of 1860, in reference to married women (§ 3, chap. 90, Laws of 1860), declaring that no conveyance of real estate, by a married woman, "shall be valid without the consent, in writing, of her husband,"* it was not required that such consent should be a part of or concurrent with the execution of the conveyance, or that it should be given before the delivery thereof; where given thereafter, it validated the conveyance; at least, if given before any attempt, upon the part of the wife, to avoid the conveyance.

(Submitted November 24, 1879; decided December 9, 1879.)

THIS was an action of ejectment brought to recover possession of certain premises in the city of Brooklyn. (Reported below, 13 Hun, 377.)

Plaintiff conveyed the premises to Antoinnette Yenni, by deed dated September 5, 1861; under this conveyance defendant claimed. Plaintiff was at that time a married woman, her husband did not give a written consent to the conveyance until after October, 1862, and after she had obtained a decree of absolute divorce from him, when he signed a written consent indorsed upon the deed. This consent was so indorsed when defendant purchased. *Held*, as above.

*Nehemiah Millard* and *G. U. Reynolds* for appellant.

*C. S. Tracey* for respondent.

EARL, J., reads for affirmance of order, and for judgment absolute, against plaintiff on stipulation.

All concur.

Judgment affirmed.

---

* The section was amended by the act, chap. 72, Laws of 1862, this requirement being omitted.